ADOLF HOLLENDER, PLAINTIFF-RESPONDENT, v. BER-
    GEN COUNTY AUTOMOBILE CLUB, GUARDIAN CAS-
    UALTY COMPANY AND CONSOLIDATED INDEMNITY
    AND INSURANCE COMPANY, BODIES CORPORATE,
    DEFENDANTS-APPELLANTS.

Submitted January term, 1934—Decided August 16, 1934.

Before BROGAN, CHIEF JUSTICE, and Justices TRENCHARD
and HEHER.

For the appellants, *Jacob Siegal.*

For the respondent, *Jerome J. Dunn.*

PER CURIAM.

Plaintiff was awarded judgment in an action upon a con-
tract alleged to have been entered into between him and
defendants Bergen County Automobile Club and Guardian
Casualty Company on March 23d, 1932, providing for the
payment of disability benefits in event that plaintiff suffered
injury, and consequent disability, as a result of an "auto-
mobile accident." The asserted liability of defendant Con-
solidated Indemnity and Insurance Company, was predicated
on an alleged assumption of the obligations (including the
one in suit) of the Guardian Casualty Company.

Plaintiff, on April 3d, 1932, sustained an injury resulting
in disability, while riding in a motor vehicle, and judgment
was given against the three defendants. All defendants join
in this appeal.

Appellants urge that there was error in the denial of their motions for a nonsuit, and for the direction of a verdict in their favor. The single issue is the existence *vel non* of an indemnity contract at the time respondent suffered the injury resulting in disability.

We are of opinion that there was no error in the rulings complained of as to appellants Guardian Casualty Company and Consolidated Indemnity and Insurance Company. While it is true that the policy of indemnity insurance was not actually issued by the casualty company, and did not, by its express terms, become effective, until May 14th, 1932, there was evidence tending to show that respondent, on March 23d, 1932, became a member of the automobile club for a period of one year, and that, in consideration of the annual premium of $10, which he paid on that day, he was, *inter alia,* insured by the casualty company against "the effects of bodily injuries caused directly, solely and independently of all other causes by external, violent and accidental means." The agent who solicited his membership, one Sallan, according to respondent, advised him that, if he "took the membership" he "would be insured in case of death to $1,000;" and that if he "ever should have an accident, compensation of $10 a week." Respondent testified: "He [Sallan] told me, because I was a member at the time it [his membership] was renewed, I was still a member and insured. * * * He [Sallan] said, 'now, the policy will be here in a few days,' and he gave me to understand that from the time I paid my membership that I was insured."

Under date of April 12th, 1932, the automobile club, by letter addressed to respondent, expressed its appreciation "for *renewal* of your membership in your county organization, Bergen County A. A. A." The automobile club was affiliated with the American Automobile Association. The membership card enclosed in the letter was dated March 26th, 1932, and certified to respondent's membership "in the A. A. A." for a period of one year from the date thereof. There was also enclosed in the letter a "card for your personal accident policy," which respondent was directed to "kindly

fill in and return to this office." The club's secretary testified that this procedure was essential because it was necessary to have the full name of the applicant and the name and address of the beneficiary to be designated in the policy. Respondent said he "filled out" this card, and returned it immediately. The club's secretary insisted that the card was not returned until May 14th, when she prepared and countersigned the policy, and forwarded it to respondent. Neither the application for membership nor the accident policy card referred to was introduced in evidence. The club's secretary explained that they were delivered to the North Jersey Automobile Club, which "took over" the Bergen county club, and that futile efforts had been made to locate them.

While the coverage of the policy was, by its terms, limited to one year from May 14th, 1932, there was evidence tending to establish that it was the intention of the parties that the benefits thus provided for were incidental to respondent's membership, and that this coverage commenced when his membership became effective. The delay in issuing and forwarding the policy, according to the testimony of the secretary and manager of the automobile club, was due to the failure of its agent, Sallan, to deliver respondent's membership contract to its officers. But this witness admitted that respondent was entitled, as a member of the automobile club, to the policy of insurance. And she was also an agent of the casualty company, authorized to prepare, counter-sign and issue, without the approval of the company, or any officer thereof, such policies to those who became members of the automobile club. The policy issued to respondent was prepared and counter-signed by her, as the "authorized representative" of the casualty company. It is not contended that Sallan did not have authority to accept respondent as a member of the club. On the contrary, there was evidence that this was a renewal membership. Moreover, respondent's membership concededly became an accomplished fact on March 26th, 1932, when the enrollment card was issued. There was evidence, therefore, tending to establish the contractual liability of the casualty company for disability bene-

fits from the time respondent's membership became effective. And there was evidence also that appellant Consolidated Indemnity and Insurance Company, assumed the obligations of the casualty company.

But there was no evidence to support the judgment against the automobile club. Manifestly, the undertaking to procure and deliver the casualty company's policy of indemnity insurance did not impose upon it the self-same indemnity obligation. The automobile club was not authorized to do an indemnity insurance business, and it was not within the contemplation of the parties that it should undertake this liability. Respondent bargained only for the policy of the casualty company.

The judgment will therefore be affirmed as to appellants Guardian Casualty Company and Consolidated Indemnity and Insurance Company, and reversed as to appellant Bergen County Automobile Club.